IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Garrett Libman, | No. CV-25-02363-PHX-GMS |
| Petitioner, | **ORDER**<br>**and** |
| v. | **DENIAL OF CERTIFICATE OF**<br>**APPEALABILITY AND IN FORMA** |
| Ryan Thornell, et al., | **PAUPERIS STATUS** |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge John Z. Boyle. (Doc. 25). The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 18 citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). Petitioner was granted an extension through May 20, 2026, within which to file specific written objections. (Doc. 27). Petitioner filed objections on May 5, 2026 (Doc. 28) and Respondents filed a reply on May 19, 2026 (Doc. 29).

The facts and procedural background of this case are set forth in detail in the Magistrate Judge's R&R and will not be restated herein. (R&R at 1-4)

In his objections, Petitioner first objects to the R&R's conclusion that Ground 2(a), which is a claim that his trial counsel was ineffective in failing to challenge allegedly false evidence, lacked merit. (Doc. 28 at 1-7). As explained in the R&R, the merits of Ground 2(a) do not warrant relief regardless of any potential procedural default. The R&R

addressed only the merits of Petitioner's claim and finds it meritless.  (R&R at 8-12).

Petitioner asserts that the R&R misapplied the appropriate legal test, because under *Hill v. Lockhart*, 474 U.S. 52 59 (1985) the question is whether there was a reasonable probability that but for counsel's deficient advice and investigation, Petitioner would not have pleaded guilty and would have gone to trial.  But, as *Hill* further clarifies:

> The determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.  This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial.

*Id.*  Thus, the Petitioner does not state the entire test.  The Report's observation that the in-tact hyoid bone, and the correct amount of monthly support the Petitioner was receiving from his father (which the Petitioner had to know anyway) does not create a reasonable probability that Petitioner would have prevailed at trial in light of all of the other evidence of suffocation, throat trauma, stabbing, and body movement that existed is far from irrelevant to the inquiry.  Petitioner offers no reason why an unbroken hyoid alone in light of the other existing evidence would have created a reasonable probability that his trial counsel would have changed the plea recommendation that he gave to Petitioner.  (That Petitioner now says that he would not have pleaded guilty is insufficient to meet his burden in absence of proof that suggests a reasonable probability that his counsel would have changed the recommendation).  But as noted in the R&R, regardless of whether the hyoid bone was intact, there was "extensive evidence of blunt force trauma to the victim's neck" and evidence that trash bags "had been sucked into the victim's mouth" that also indicated strangulation or suffocation.  (R&R at 9-10).  The totality of the evidence makes it unlikely that Petitioner's counsel would have changed the recommendation to Petitioner about accepting a plea.

Petitioner next objects to the R&R's rejection of his claim that his guilty plea was involuntary because it was induced by the allegedly false evidence.  But as to this claim

the Report found that "[b]ecause [Libman] accepted his plea on the advice of counsel, he is precluded from independently attacking the plea on the grounds of involuntariness and lack of knowledge."  (R&R at 6-7).  As explained in the R&R, because Ground 1 "is a claim against the nature of the plea itself, not a claim against counsel," it is not an independent ground for habeas relief. (R&R at 7).

Petitioner next objects that the R&R "accepts the state court's 'strategy' explanation too readily" in concluding that his Claim 2(b), which is a claim that his trial counsel was ineffective in failing to order a full psychiatric evaluation.  (Doc. 28 at 8).  Petitioner's argument goes to whether counsel's failure to obtain a full mental health evaluation was prejudicial.  Neither the state courts nor the R&R were required to address the second (prejudice) prong of *Strickland* with respect to this claim.  *See, LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) ("[A] court is not required to address both components of the *Strickland* test in deciding an ineffective assistance of counsel claim 'if the defendant makes an insufficient showing on one.'") (quoting *Strickland*, 466 U.S. at 697).

Next, Petitioner objects "to the extent the [R&R]'s discussion [of Grounds 3, 4 and 5, pertaining to the alleged ineffectiveness of post-conviction counsel] could be read to make those allegations irrelevant for every purpose." (Doc. 28 at 9).  The R&R makes no findings with respect to those claims except that they "all argue ineffective assistance of PCR counsel, which is not a ground for relief in a federal habeas proceeding."  (R&R at 16).

Petitioner also objects that the "actual-innocence discussion is too cramped" because it does not consider "the old and new evidence together." (Doc. 28 at 9).  The R&R, however, states that it is unlikely that the "new evidence would have proven that [Libman had] acted in self-defense, again because of the rest of the evidence against him." (R&R at 18).  Furthermore, the R&R notes that because Petitioner's claims "fail on the merits regardless of whether they are procedurally defaulted…even if [he] did qualify for the actual-innocence gateway … his claims still fail." *Id*.

Petitioner further requests an evidentiary hearing if the Court concludes that the

current record is not yet sufficient to resolve the plea-stage prejudice issues.  (Doc. 28 at 10).  The Court finds that the record is sufficiently developed and that an evidentiary hearing is not necessary to resolve this matter.

The Court agrees with the Magistrate Judge's determinations.  Petitioners' objections do not refute the Magistrate Judge's resulting conclusions that Petitioner's claims are without merit.

Thus, the Court accepts the recommended decision with the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 25) is accepted.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice.  The Clerk shall terminate this action.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  Any certificate of appealability should be denied because he has not made a substantial showing of the denial of a constitutional right and because jurists of reason would not find the Court's rejection on constitutional grounds of Petitioner's claims to be "debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 29th day of May, 2026.

_____
G. Murray Snow
Senior United States District Judge

- 4 -